18-1063 Ralph Fiella v. Fed. Natl Mortgage Assoc. 18-1063 Ralph Fiella v. Fed. Natl Mortgage Assoc. 18-1063 Ralph Fiella v. Fed. Natl Mortgage Assoc. How much time are you asking for? Just a minute. One minute. Yes. Can the Merrill Doctrine be used to limit one's statutory right to be sued? Or is it limited to situations where the government is exercising some type of right and it limits the extent to which you can prohibit the government from exercising a right versus prohibit the government from being sued for a wrong of an agent? And I think that's an incredibly important distinction because in the first group of cases, we're always seeing either contract rights or statutory rights being enforced by the government. That they want to exercise their rights. And it's clearly in a statute, so you're trying to go against Congress if someone is opposing that. But Merrill itself, the Supreme Court's decision in Merrill, doesn't make that distinction, nor has any case to which you've cited. And the Merrill Doctrine has been applied universally where it's been invoked and federal instrumentalities have been involved in tort cases, which you say are somehow sui generis and are not subject to Merrill. I think I'm not exactly sure which case you're talking about. There are a group of cases in the Northern District of California that have applied Merrill to... Yeah, they've applied Merrill where Merrill wasn't raised by their opponent. But there are no disputed... The cases you've cited in your brief, I think I've read all of them. There isn't a single case where Merrill has been invoked by a federal instrumentality and that invocation has been rejected on the ground that it was a tort action. My argument at heart, though, is that except for the cases in the Northern District of California that I say have been rendered having very little probative value because of the Ninth Circuit's decision in Rust, that in all of the cases we're talking about the government enforcing its rights. And here we're talking about the government seeking to avoid its statutory liability. And to me that is a fundamental distinction. And if the Merrill Doctrine wasn't raised in the cases I cited, the distinction between the government seeking to exercise a statutory or contract right, or the government seeking to avoid a statutory obligation in a sense, also means that this issue has never been addressed. And it can't be just distinguished from tort versus contract. It took me a long time to put this together because it's very convoluted, all the cases. Fundamentally, what we're saying is there's a statutory right that Fannie Mae, according to its enabling statute by Congress, can be sued without qualification. That's true, but that's true of a lot of federal agencies which have the right to invoke the Merrill Doctrine. The right to be sued means that you can be sued subject to whatever defenses you have available, either by virtue of common law, or in this case by virtue of a Supreme Court decision, which has talked about the structure of the federal government and how and to what extent its immunity against certain types of actions gets transferred to its instrumentalities. Can I explain that? No one trying to get this suit dismissed on the ground that Fannie Mae can't be sued at all. The averment here is that your suit seeks to hold Fannie Mae liable for the unauthorized acts of its agents in contravention of the Merrill Doctrine. And the answer to that seems to me either that the Merrill Doctrine doesn't apply to Fannie Mae or that there's some good reason why the Merrill Doctrine doesn't apply to this action. And as I say, I think I've read all the cases cited in your brief, and I don't find any authority at all for your position. Your Honor, I think I'd step back to Merrill itself. In Merrill, there are two concepts sort of floating around constantly in the Merrill Doctrine. One is, okay, in Merrill, what was the contract? And who created the terms of the contract? And then also in Merrill, it has to do with whether or not a federal instrumentality can be liable for the unauthorized acts of its agents. And it blurs the two distinctions. What I'm saying that Merrill is saying is Merrill is saying is that the government by statute has already said what that contract means. That's not the way, with all due respect, counsel, that's not the way the courts writ large have interpreted Merrill. They have interpreted Merrill as a broad pronouncement that federal instrumentalities are not liable for the unauthorized acts of agents. Virtually every reported case that has applied Merrill has applied it on that understanding. Now, you may be right. It may be that 50 or 60 years of jurisprudence all got off on the wrong track, but I can't find any authority for your proposition. Your Honor, what I would say is that my distinction, I agree with you. If one does not consider the obligate, the ability to be sued, the statutory ability to be sued as being a part of the analysis in determining the extent to which Merrill limits Fannie Mae's liability for any of the acts of its agents, then I agree with you, my argument fails. But my argument is actually saying, but that's not the case. My argument is saying that if you read all of those cases, all of them except the ones in the Northern District of California, which basically overturned by the Ninth Circuit in Rust, and one case in Texas, which is just a little line, one single line, no analysis, and a case in the Third Circuit, which relied originally on that Texas case, there are no cases that ever address the extent to which the liability of Fannie Mae can be immune from the wrongful acts of its agent. And the reason I argue is, one, because that's what the statute says. The statute's clear on its face. If the statute necessarily incorporates existing law, I would argue that that law is awfully confusing. If you look through the Court of Claims cases over and over and over and over and over again, they're raising this issue of estoppel, and they're using estoppel in many, many different contexts. And what I'm trying to say is that if you clarify it and say, one, it's enforcing rights, and if the government's enforcing its statutory rights, you should be protecting them. And it fits totally in there. If the government created a corporation, and it's there for a purpose, and it's trying to carry out its purpose, you're darn right, you better not limit it. But if the government did something wrong, and as Congress has already said, you're subject to suit, period, can the government then take this other argument and almost for the first time apply it to liability for the wrongs of its agents? Before you step back, Judge Torea, any questions? I have no questions. Okay, thanks. You've reserved some time. Good morning, Your Honors. Jim McGarry from Goodman Proctor on behalf of Fannie Mae. May it please the Court. This case involves a straightforward application of a 70-year-old Supreme Court legal doctrine that, as Judge Shelley pointed out, provides a defense for government instrumentalities to be sued for the unauthorized conduct of their agents. In order to satisfy the test, there's really two factors. Is Fannie Mae a federal instrumentality, and was the conduct at issue authorized? As to the issue of is Fannie Mae a federal instrumentality, we cite a handful of cases in our brief that are none that go the other way that talk about the fact that it's anything other than a federal instrumentality. Fannie Mae was created by Congress and still exists entirely for a public purpose, and that is to support the United States housing market. Is there any Court of Appeals case that has held Fannie Mae to be a federal instrumentality for this purpose? The Seventh Circuit in Mandralla held that Freddie Mac... Freddie Mac, I know that. I know Freddie Mac is a counterpart agency, but my question was Fannie Mae. I'm not aware of a federal Court of Appeals that has specifically held Fannie Mae a federal instrumentality. No, I haven't been able to find one either. For purposes of the Merrill Doctrine, Fannie Mae and Freddie Mac are essentially inseparable. If you actually look at the charters of the two agencies and the public purposes, they're identical. I think there's no question that Fannie Mae is a federal instrumentality. Then the second question is, was the conduct authorized? There's no allegation in the complaint, let alone any evidence in the record, that Fannie Mae authorized its agent to give bad information to Mr. Fiella. The Merrill provides a complete defense just based on its very general principles. The only arguable exception to the general rule prohibiting estoppel against government instrumentalities is where there's affirmative misconduct by that instrumentality. There's no allegation here or any evidence in the record of such a thing. The footnote in the plaintiff's complaint, which only talks about the fact that Ditech was the servicer on behalf of Fannie Mae, the owner of the loan, doesn't rise to the level of that type of allegation. It's insufficient for summary judgment purposes anyway. At this stage of the case, we're not dealing with allegations. We're dealing with proof. Exactly. There is no evidence in the record that there was any affirmative misconduct or that there was any authorization of the behavior at issue. On the tort versus contract distinction, I think Judge Sarnia has made the point that there are literally no cases that have decided that tort claims should be treated differently than contract claims. There's no rational reason why they should be. If you think about Merrill, what happened in Merrill is an agent of the FCIC made a representation about whether a crop would be insured, and the representation proved to be inaccurate. Had Merrill made a claim for negligent misrepresentation in addition to the contract claims he brought, there's nothing in Merrill that would suggest that those issues would be decided differently because the instrumentality is the same and the representation issue is the same representation under a different legal theory. The sue or be sued clause, I frankly don't get the argument. As Judge Sarnia pointed out, there are many federal agencies that are subject to sue or be sued clause. Fannie Mae is not taking the position that it can't be sued. Fannie Mae is not taking the position that it is immune from a lawsuit. But what Fael is essentially arguing is that a sue or be sued clause means you can't raise a defense, and that can't possibly be the case because there's no distinction between raising the Merrill Doctrine as a defense or any other 12B6 defense or jurisdictional defense that a defendant might bring to a lawsuit. Respectfully, unless the court has other questions, I'm more than happy to cede the remainder of my time. Judge Sarnia, do you have any questions of counsel? No, thank you. Okay. Thank you very much. Thank you very much for that. Mr. Sheridan, I think you have a minute or so. First, Your Honor, as far as the allegation of evidence, for purposes of this motion, Fannie Mae, in the hearing before Magistrate Stone, stipulated all the facts concerning agency. So that there was nothing, we were assuming that agency or any of the underlying facts supporting it were not relevant to this motion. All that was relevant was whether the Merrill Doctrine applied. Because if the Merrill Doctrine applied, all the conduct of the agent would be irrelevant. So we never waived any of the facts, discovery on any of the facts concerning agency. And the reason they're not in the record is because the government conceded it or stipulated it just for this motion. The second point, make your second point, the second point is this idea of purpose. The court has to think about, what is the purpose? The purpose of Fannie Mae is not just liquidity. TARP and the Dodd-Frank Act distinctively change the purpose of Fannie Mae. The purposes of Fannie Mae are also to encourage the avoidance of foreclosures and to encourage loan modifications. If the Merrill Doctrine limits Fannie Mae for liability for the acts of any of its servicers, that means that every time Fannie Mae does a foreclosure, no matter what the fact, no matter what the servicer had done, there's no suit against, no right to sue Fannie Mae. Fannie Mae becomes an owner, a co-leading entity. It's a player in the market that owns and sells securities that are no longer subject to the acts of its agents, period. Even for offsets. Judge Toria, any final questions? No questions. Okay, thank you both.